Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4656 | **DATE** | 12/14/2004 |
| **CASE TITLE** | Hyatt Corp., et al. Vs. Personal Communications Industry Assn. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss Count IV (10-1) and to transfer Counts I, II and III (10-2) is granted. Accordingly, Count IV is dismissed. This case is transferred to the United States District Court for the Eastern District of Virginia, Alexandria Division.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 15 2004 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 17 |
| | Copy to judge/magistrate judge. | | 12/14/2004 date mailed notice | |
| CW | courtroom deputy's initials | | CW6 mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HYATT CORPORATION d/b/a )
HYATT REGENCY CHICAGO )
REGENCY MCCORMICK PLACE; and )
HYATT REGENCY NEW ORLEANS, )
)
Plaintiffs, )
)
v. )  No. 04 C 4656
)  Paul E. Plunkett, Senior Judge
PERSONAL COMMUNICATIONS )
INDUSTRY ASSOCIATION, )
)
Defendant. )

**MEMORANDUM OPINION AND ORDER**

Hyatt Corporation, doing business as Hyatt Regency Chicago, Hyatt Regency McCormick Place and Hyatt Regency New Orleans, ("Hyatt" or "Plaintiff") has filed a lawsuit against Personal Communications Industry Association ("PCIA" or "Defendant") alleging the breach of four separate contracts. Under the terms of each contract, Defendant agreed to rent extensive areas of each of four Hyatt hotels for various trade shows. Three of the contracts were to be performed in Chicago ("Chicago Contracts"); the fourth was to be performed in New Orleans ("New Orleans Contract). Defendant attempted to cancel each contract and Hyatt has brought this action. Hyatt is a resident of Illinois and PCIA, a resident of Virginia, has filed a motion pursuant to 28 U.S.C. § 1404(a) to transfer the three claims concerning the Chicago Contracts to the Eastern District of Virginia, and to dismiss a claim concerning the New Orleans Contract pursuant to Federal Rule of Civil Procedure Rule 12(b)(3) on the basis of improper venue. After carefully balancing private and public interest

factors, we find that the interests of justice are best served by transferring the claims arising from the Chicago Contracts to Virginia. Furthermore, we dismiss the claim arising from the New Orleans Contract for lack of proper venue.

## Facts

The following facts are undisputed unless otherwise noted. PCIA, a trade association of wireless communication tower site owners and managers, is a not-for-profit corporation incorporated in Virginia with its sole place of business in Alexandria, Virginia. (Def.'s Mot. Transfer at 2.) Hyatt is a Delaware corporation with its principal place of business in Illinois. (Pl.'s Compl. ¶ 1.) In 1996, Hyatt contracted with PCIA to host its 2002 trade show at the Hyatt Regency New Orleans Hotel. (*Id.* ¶ 21; Def.'s Mot. Transfer at 2.) The contract ("New Orleans Contract") was governed by Louisiana law. (Def.'s Mot. Transfer at 3.)

From 1998 to 1999, the parties entered into three additional contracts for PCIA's 2003 and 2005 trade shows, to be held at the Hyatt Regency Chicago Hotel and the Hyatt Regency McCormick Place Hotel, respectively. (Pl.'s Compl. ¶¶ 5, 10, 15.) According to PCIA, Hyatt's chief negotiator on the contracts was Bonnie Greenspan, who is based in national sales offices located in Washington D.C. and Columbia, Maryland, a distant suburb of Washington D.C. (Def.'s Mot. Transfer at 3–4.) Greenspan signed two of the contracts. (Pl.'s Compl. Exs. A, C.) The third was signed by a Hyatt representative in Chicago. (Pl.'s Compl. Ex. D.) PCIA was represented by Catherine Lyons, working from PCIA's Alexandria, Virginia office. (Def.'s Mot. Transfer at 3.) These three contracts were governed by Virginia law. (Def.'s Mot Transfer at 3.)

PCIA attempted to terminate all four contracts in April 2002, claiming that economic difficulties brought on by the September 11, 2001 terrorist attacks forced them to cancel their trade shows. (Pl.'s Compl. ¶¶ 7, 12, 24; Pl.'s Resp. Def.'s Mot. to Transfer at 2; Def.'s Mot. Transfer at 5.) Hyatt responded by invoking the liquidated damages clauses contained in each contract, but PCIA claimed that the *force majeure* clauses shielded it from liability. (Pl.'s Resp. Def.'s Mot. to Transfer at 1; Def.'s Mot to Transfer at 5.)

## Discussion

A district court may transfer a case where: (1) venue is proper in the transferor district; (2) venue is proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses, and the interests of justice. *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 833 (N.D. Ill. 2004). In a motion for transfer, the defendant bears the burden of overcoming the strong presumption that the plaintiff's forum of choice is the most convenient. *Zelinski v. Columbia 300, Inc.*, 335 F.3d 633 (7th Cir. 2003); *Truserv Corp. v. Neff*, 6 F.Supp. 2d 790, 793 (N.D. Ill. 1998). To meet this burden, a defendant must show that the private interests of the parties and the public interests of the court are best served in an alternative forum. *Truserv*, 6 F. Supp. 2d at 793.

Private interest factors to be considered include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof in each forum, including the courts' power to compel the appearance of unwilling witnesses and the costs of obtaining the attendance of witnesses; and (4) the convenience to the parties, their residences and their abilities to bear the expense of trial in a particular forum. *Id.* Public interest factors include: (1) the

relationship between the forum community and the subject of the litigation; (2) the court's familiarity with applicable law; and (3) the congestion of the respective court dockets. *Id.*

**Proper Venue**

Both parties agree that venue is proper for Counts I, II and III of the Complaint in the Northern District of Illinois. A sufficient number of the events and omissions that gave rise to this breach of contract lawsuit occurred in this district. PCIA's failure to perform a contractual duty here is sufficient to find that this district is a proper forum. *See* 28 U.S.C. § 1391(a)(2); *Truserv*, 6 F. Supp. 2d at 792. Both sides also agree that the Eastern District of Virginia is a proper venue, as PCIA is a resident of that district. *See* 28 U.S.C. § 1391(a)(1). Thus, the only question before us is whether the Eastern District of Virginia is significantly more convenient than the Northern District of Illinois for the parties, the witnesses, and the interests of justice. We will weigh each of the private and public interest factors separately to determine whether PCIA has met its burden.

**Plaintiff's Choice of Forum and Situs of Material Events**

The plaintiff's choice of forum is generally accorded great deference, particularly where, as here, the plaintiff has chosen its home forum. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999). This factor would usually weigh heavily against transfer. However, the deference shown a plaintiff's choice of forum is diminished where, as here, the situs of material events occurred in the alternative forum. *Pansophic Sys, Inc. v. Graphic Computer Serv., Inc.*, 736 F.Supp. 878, 880–81 (N.D. Ill.1990). Plaintiff's choice thus becomes "simply one factor

among many to be considered." *Tensor Group, Inc. v. All Press Parts & Equip., Inc.*, 966 F.Supp. 727, 730 (N.D. Ill. 1997).

Hyatt attempts to argue that its partial performance in Chicago, blocking the rooms requested by PCIA, establishes that the situs of material events occurred in Chicago. Hyatt also contends that its injuries were sustained in Chicago, a loss of more than $300,000 in expected revenue. However, in a breach of contract case, the situs is where the business decisions causing the breach occurred, in this case Virginia. *Hinc v. Lime-O-Sol Co.*, 231 F. Supp. 2d 795, 796 (N.D. Ill. 2002). Moreover, the contracts were primarily negotiated in and around the Eastern District of Virginia, and two were signed in the same region. We therefore agree with PCIA that the situs of material events is Virginia. This factor weighs in favor of transfer.

### Access to Proof

Hyatt argues that transfer is inappropriate because its records relating to the Chicago Contracts are all located in its offices in Chicago. However, the key documents in this case will concern the business decisions that led PCIA to allegedly breach the contract. PCIA's records are all located in Alexandria, Virginia. Therefore, we find that this factor favors transfer to Virginia.

### Convenience for Witnesses

Party witnesses are generally assumed to be under the control of the party and thus their voluntary appearance in court is assumed. *Spherion Corp. v. Cincinnati Fin. Corp.*, 183 F.Supp.2d 1052, 1059 (N.D.Ill.2002). As a result, non-party witnesses are more crucial to the question of the convenience of a forum. *Id.*

PCIA has identified only one non-party witness, Catherine Lyons, a former employee who will testify about the terminations of the contracts and the economic factors that led to the terminations. Her testimony is material and she resides near PCIA's preferred forum. PCIA does not argue that Lyons will not testify if called in Chicago, but she will be beyond this Court's subpoena powers. In an attempt to minimize the inconvenience to Lyons, Hyatt has agreed to cover her reasonable expenses should her testimony be required in Chicago.

Hyatt has also identified only one non-party witness, Doug Hewitt, a former employee who will testify about PCIA's termination of the contracts and Hyatt's subsequent attempts to enforce the liquidated damages clauses. PCIA argues that Hewitt's testimony is not material because it does not dispute that it terminated the contracts and refused to pay liquidated damages. However, if factual issues require resolution through witness testimony, it is conceivable that Hewitt's testimony would be needed to refute PCIA's version of events. Hewitt has signed an affidavit admitting a reluctance to testify in the Eastern District of Virginia. A Chicago resident, Hewitt would be beyond the subpoena power of a Virginia court. The scales seem fairly evenly balanced with regard to this factor because there are material witnesses on each side facing inconvenience.

## Convenience of the Parties

Litigating a lawsuit in one's home forum is naturally more convenient than litigating in a foreign forum, and thus PCIA must show that "transfer would do more than merely transform an inconvenience for one party into an inconvenience for the other party." *Brandon Apparel*, 42 F. Supp. 2d at 834.

PCIA suggests that litigating the claims in Illinois would create a financial hardship for the association, noting that its financial problems are at the heart of the suit. Plaintiff's reliance on case law is ill-founded, as the cases it points to involve either financially insecure individuals facing lawsuits from well-funded corporations or a corporation for whom litigation away from home presented unique hardships that would destroy the company. *See Truserv*, 6 F. Supp. 2d at 794; *Law Bulletin Publ'g Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1019 (N.D. Ill. 1998); *Courtesy Carribean v. Aquilar*, No. 95-C1786, 1995 WL 549127, at *3 (N.D. Ill. Aug. 31, 1995). PCIA has not apprised the Court of its current financial status and has not argued that litigating the case in Illinois will lead to its ruin. As PCIA correctly notes, Hyatt does have offices near the Eastern District of Virginia, and some of its key witnesses appear to reside in the area. However, transfer from its home forum naturally presents an inconvenience for Hyatt, and PCIA has not demonstrated that transfer would do more than exchange PCIA's inconvenience for Hyatt's. We find that this factor does not weigh in either party's favor.

## Ability of Court to Apply Law

Though the Chicago Contracts specify that any lawsuits arising from them will be decided based on Virginia law, this does not heavily tip the scale in favor of transfer, as courts sitting in diversity are frequently called upon to interpret another state's laws. *Truserv*, 6 F. Supp. 2d at 794; *Peterson v. U.S. Steel Corp.*, 624 F. Supp. 44, 46 (N.D. Ill. 1985). PCIA has not argued that the case at hand involves especially complex issues of Virginia contract law, and thus we do not see why this Court could not decide the case as effectively as a Virginia court. *Hinc*, 231 F. Supp. 2d at 797; *Murphy v. Avon Prods., Inc.*, 88 F. Supp. 2d 851, 853 (N.D. Ill. 1999) ("[F]ederal courts today

should be capable of ascertaining and applying the laws of any state."). As Hyatt notes, Louisiana law applies to the New Orleans Contract, meaning that if all four counts are litigated by one court, that court will need to interpret two states' laws. Nonetheless, we find that this factor weigh slightly in favor of transfer.

**Congestion of Docket**

PCIA argues, and Hyatt does not dispute, that cases proceed to trial at a far faster rate in the "rocket docket" of the Eastern District of Virginia than in the Northern District of Illinois — eighteen months faster on average. In view of this, Hyatt's contention that cases reach disposition at almost the same rate in each state is not enough to tip the balance against transfer. We agree with PCIA that it is too early to determine whether issues of fact may require a trial, even if a resolution on dispositive motions seems likely, as Hyatt argues. A longer road to trial will increase the expenses of both parties, and trying the case in the Northern District of Illinois will further clog an already congested court. Thus, this factor favors transfer.

**Interest of States in Outcome of the Litigation**

Both Illinois and Virginia have considerable interest in allowing their residents a forum in which to air their grievances concerning contracts. Because this contract was to be performed in Illinois and allegedly breached in Virginia, the interest of each state on the outcome of the litigation does not strongly favor either forum.

After carefully reviewing each of the important factors, we must balance to determine the most appropriate forum in which to resolve this dispute, we find that the interests of justice are best

served by transferring Counts I, II and III of Plaintiff's Complaint to the Eastern Division of Virginia.

**New Orleans Contract**

Count IV, encompassing Hyatt's claim for breach of the New Orleans Contract, presents a different venue problem. The Northern District of Illinois is not the proper venue for a claim arising in New Orleans against a defendant who resides in Virginia. Hyatt has asked us to consider hearing the case under the pendent venue doctrine, which allows a court to hear a claim where venue is otherwise lacking if the claim arises out of a common nucleus of fact as the claims where venue is proper. *Byrton Dairy Prods., Inc. v. Harborside Refrigerated Servs.*, No. 96-C1949, 1997 WL 177874, at *3 (N.D. Ill. Apr. 10, 1997); *VMS/PCA Ltd. P'ship v. PCA Partners Ltd. P'ship*, 727 F. Supp. 1167, 1174 (N.D. Ill. 1989). To determine whether pendent venue is appropriate, we must consider judicial economy, the convenience of the parties and fairness. *Id.* Because the New Orleans and Chicago Contracts are governed by the laws of different states; the *force majeure* clauses at issue are not identical in each contract; and different Hyatt representatives negotiated and handled the terminations of these different contracts, there is not a common nucleus of operative facts. Moreover, as we have determined that we must transfer Counts I, II and III to the Eastern District of Virginia, judicial economy, convenience of the parties and fairness all favor the claims being heard as a group in Virginia. Therefore, we dismiss Count IV for improper venue.

## Conclusion

For the foregoing reasons, Defendant's Motion to Transfer Counts I, II and III of Plaintiff's Complaint is granted. Defendant's Motion to Dismiss Count IV of Plaintiff's Complaint is granted.

**ENTER:**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

**DATED:** DEC 1 4 2004